IN THE UNITED STATES COURT OF APPEAL
FOR THE ELEVENTH CIRCUIT

CASE NO. 14-12495
District Court Case No.: 12-cv-22439-MGC

MICCOSUKEE TRIBE OF INDIANS OF
FLORIDA, a sovereign nation and federally
recognized Indian tribe, BERNARDO ROMAN,
III, ESQUIRE, YINET PINO, ESQUIRE,
YESENIA LARA, ESQUIRE

      Petitioners,

v.

DEXTER LEHTINEN, GUY LEWIS, MICHAEL
TEIN, LEWIS TEIN, P.L.

      Respondents,

_____/

## PETITIONERS' INITIAL BRIEF

## CERTIFICATE OF INTERESTED PARTIES
## AND CORPORATE DISCLOSURE STATEMENT

1.      Avila, Manuel A. (counsel to Julio Martinez)

2.      Calli, Paul A (counsel to Lewis Tein, Lewis, Tein)

3.      Coffey, Kendall B. (counsel to Billy Cypress)

4.      Cohen, Jeffrey Michael (counsel to Lewis Tein, Lewis, Tein)

5.        Cooke, Marcia G. (District Court Judge)

6.        Cortiñas, Angel A. (counsel to Tribe, Pino, Lara, Roman)

7.        Descalzo, Marissel (counsel to Lewis Tein, Lewis, Tein)

8.        Duffy, Lawrence Walter (counsel to Jose I Marrero)

9.        Goldsmith, Steven Mark (counsel to Billy Cypress)

10.       Hernandez, Miguel (Defendant)

11.       Hill, William K. (counsel to Tribe, Pino, Lara, Roman)

12.       Kaskel, Jonathan H (counsel to Tribe, Pino, Lara, Roman)

13.       Keller, David D. (counsel to Lewis Tein, Lewis, Tein)

14.       Lara, Yesenia ("Lara") (counsel to Tribe)

15.       Lazar, Scott Alan (counsel to Miguel Hernandez)

16.       Lehtinen, Dexter Wayne ("Lehtinen") (counsel to Lehtinen)

17.       Lehtinen, Dexter Wayne ("Lehtinen") (Defendant)

18.       Lewis Tein, PL ("Lewis Tein") (Defendant)

19.       Lewis, Guy A. ("Lewis") (Defendant)

20.       Martinez, Julio (Defendant)

21.       Meyer, Alice Evelyn, (counsel to Billy Cypress)

22.       Miccosukee Tribe of Indians of Florida ("Tribe") (Plaintiff)

23.       Morgan Stanley Smith Barney LLC (Defendant) Ticker: MS.

24.     Pino, Yinet ("Pino") (counsel to Tribe)

25.     Reiter, Jack Roy (counsel to Lewis Tein, Lewis, Tein)

26.     Riedi, Claudio, (former counsel to Lehtinen)

27.     Rogrow, Bruce S. Rogrow (counsel to Morgan Stanley Smith Barney, LLC)

28.     Roman, Barnardo III ("Roman") (Counsel to Tribe)

29.     Rosquete, Armando (counsel to Billy Cypress)

30.     Saunooke, Robert O. (counsel to Billy Cypress)

31.     Short, Charles Patrick (counsel to Lewis Tein, Lewis, Tein)

32.     Strader, Yolanda P. (counsel to Lewis Tein, Lewis, Tein)

33.     Tein, Michael R. ("Tein") (Defendant)

34.     Wendy, Stein J. (counsel to Lewis Tein, Lewis, Tein)

35.     West, Bryan Thomas (counsel to Lehtinen)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................v

JURISDICTIONAL STATEMENT ..........................................................vi

STATEMENT OF THE ISSUES............................................................ vii

STATEMENT OF THE CASE..................................................................1

ARGUMENT .........................................................................................10

CONCLUSION ......................................................................................14

CERTIFICATE OF COMPLIANCE......................................................15

## TABLE OF AUTHORITIES

*Alexander v. Tandem Staffing Solutions, Inc.*,
881 So. 2d 607 (Fla. 4th DCA 2004) ...............................................................12, 13

*Allstate Ins. Co. v. Bowne*, 817 So. 2d 994 (Fla. 4th DCA 2002*)* ...........................12

*Arcara v. Philip M. Warren, P.A.*, 574 So. 2d 325 (Fla. 4th DCA 1991) ..............12

*Cherokee Nation v. Georgia,* 30 U.S. 1, 17 (1831) ...................................................1

*Cunningham v. Appel*, 831 So. 2d 214 (Fla. 5th DCA 2002) ...................................12

*Herrmann v. GutterGuard, Inc.,* 199 F. App'x 745, 752 (11th Cir. 2006) ..............12

*In re Am. Cable Publications, Inc.,* 768 F.2d 1194, 1195 (10th Cir. 1985) ......13, 14

*In re Bell South Corp.,* 334 F. 3d 941, 954 (11thCir. 2003) ...............4, 8, 10, 11, 12

*Kusch v. Ballard*, 645 So. 2d 1035 (Fla. 4th DCA 1994) ........................................11

*Norton v. Tallahassee Mem'l Hosp.,* 689 F.2d 938, 941 n. 4 (11th Cir. 1982) .......12

*Schlumberger Technologies, Inc. v. Wiley,* 113 F.3d 1553 (11th Cir. 1997) .....10, 11

*Seminole Nation v. United States,* 316 U.S. 286 (1942) ............................................1

*Whitener v. First Union Nat'l Bank of Fla.*,
901 So.2d 366 (Fla. 5th DCA 2005) ........................................................................12

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over this Petition for Writ of Mandamus pursuant to Federal Rule of Appellate Procedure 21.

## <u>STATEMENT OF THE ISSUES</u>

I.   Whether the trial court's disqualification of Angel A. Cortiñas, as counsel to the Miccosukee Tribe of Indians of Florida ("Tribe") and its attorneys, Bernardo Roman, III, Esquire, Yinet Pino, Esquire, and Yesenia Lara, Esquire (together, "Tribal Attorneys") was patently erroneous.

II.  Whether, after the trial court disqualified, Mr. Cortiñas the Tribe and its Tribal Attorneys' lead trial counsel, the trial court patently erred by continuing the evidentiary hearing for less than 24 hours.

## STATEMENT OF THE CASE

### I.    Introduction

The Tribe and its Attorneys seek a writ of mandamus from an order disqualifying the counsel of its choice, Angel A. Cortiñas, Esq., to represent them in a Rule 11 hearing before Judge Marcia G. Cooke.

The importance of the proceedings before the trial court cannot be overstated as the Plaintiff is a federally-recognized Indian Tribe, which is owed a legal obligation under which the United States "has charged itself with moral obligations of the highest responsibility and trust" toward Indian tribes. *Seminole Nation v. United States*, 316 U.S. 286, 297 (1942); *Cherokee Nation v. Georgia*, 30 U.S. 1, 17 (1831) (Tribe was a dependent nation, with a relationship to the United States like that of a "ward to his guardian.").

Here, the Tribe's complaint in federal court alleges that numerous defendants defrauded it out of millions of dollars, including through a scheme to defraud that involved an investigation by the Internal Revenue Service ("IRS"), whereby the defendants conspired to give to the IRS its members' internal  gaming distribution information without the Tribe's authorization in a deal between the IRS and the defendants.   The Tribe's complaint was dismissed by Judge Cooke on jurisdictional grounds, namely, that it is "an intra-tribal dispute."  DE 282.  The

1

order of dismissal is presently on appeal before this Honorable Court.  Case No.

13-12665.   From the vantage point of the Miccosukee Tribe, not only has its

complaint been dismissed and thus has been denied access to federal court, it is

facing potential Rule 11 sanctions and is not even allowed to be represented by

counsel of its choice.  The final salvo against the Tribe, to which the United States

of America owes trust obligations, is that there is no legal support anywhere for the

trial court's disqualification of its attorney.

A writ of mandamus is the only available remedy for Petitioners who were

denied the counsel of its choice based on a patently erroneous legal standard,

which is not recognized by any court anywhere.  The basis for disqualification of

counsel by Judge Cooke was an unidentified "model rule," which presumably

imputes knowledge of conduct between lawyers in a small firm.  No such ethical

rule of conduct exists.  As the trial court stated in open court, the grounds for

disqualification were as follows:

> The area to which causes me greater concern, and the
> reason why I am going to disqualify in the matter is the
> area related to your partnership with Mr. Lehtinen as
> outlined in the complaint. You know, **the model rule**
> says that a lawyer in the firm cannot ignore the behavior
> of other lawyers in a firm, and if you share in a firm's
> profits, you are indirectly responsible for all of the legal
> work done in the firm. And it's reasonable to make a
> person accountable for all of the professional conduct.
> Now given the way the complaint in this case is drafted

2

and at the time Mr. Cortinas was at this firm and the small nature after this firm and the way this complaint talks about the symbiotic relationship between Mr. Lehtinen, the Tribe, and its legal activities, I think **the model rule** would say, Mr. Cortinas, you cannot continue representation here. You are through the partnership imputed to know what happened, to know whether or not the partnership was engaged in professional or unprofessional conduct. If the behavior in this case were to come before the bar on some sort of professional discipline, your lack of knowledge could be imputed to you as part of the partnership and to allow you to continue now, I think Mr. Lehtinen used the phrase "an unfair informational advantage" that's one of them, but I think even more is the fact of one partnership, one activity, one client one representation voice. And the complaint in this case talks about periods starting in 1992, 1994, 1995, for which you were part of this partnership of only five or six people and to say that the matters in this complaint have nothing to do with that would be incorrect, and to allow your representation of the Tribe to continue, I think under **the model rules** would be inappropriate and therefore Mr. Lehtinen and Mr. Calli's motion to disqualify you from the representation of the Tribe is granted (emphasis added). [June 5, 2014 Hearing Transcript ("Transcript) at p. 34-35][1]

Judge Cooke also analogized the rationale for disqualification as follows:

And I suppose the best way I can analogize it to you is what happens in Vegas stays in Vegas. You may not have had a specific conversation but in a small firm where

---

[1] On June 6, 2014, counsel to the Tribe and its Tribal Attorneys electronically filed with this Court and served on counsel of record a transcript of the June 5, 2014 hearing. The transcript is a "real-time" rough transcript from the court reporter and is all that was available on such short notice.

things go back and forth, comments are made, instructions are given, and now, given the language of this lawsuit, you want to come in on a sanctions hearing and say just forget about that year of my life, forget about a partnership in which I owed if not a legal duty at least an ethical responsibility of loyalty and fiduciary responsibility to the other partners. [ *Id.* at p. 19].

A writ of mandamus is available to remedy an attorney disqualification that is patently erroneous and petitioners have shown a clear and undisputable right to relief. *In re Bell South Corp.*, 334 F. 3d 941, 954 (11thCir. 2003).

## II.    Background Facts

On May 12, 2014, the trial court scheduled for Thursday, June 5, 2014 an evidentiary hearing on motions for sanctions under Rule 11.   At the Rule 11 hearing, Defendant Dexter Lehtinen ("Lehtinen") and Defendants Guy Lewis, Michael Tein, and Lewis Tein, P.L (together "Lewis Tein") were seeking millions of dollars in sanctions against the Tribe and its Tribal Attorneys individually.  *See* DE 298 (Order scheduling rule 11 Evidentiary hearing).

The evidentiary hearing was scheduled to address motions for sanctions by Lehtinen (DE 273) and Lewis Tein (DE 38).  The  Court's announcement, on May 12, 2014, that it was scheduling an evidentiary hearing on the motions for sanctions under Rule 11 was the first that any of the parties knew that such a hearing might occur.  Therefore, it was not until May 12, 2014 that the Tribal

4

Attorneys had to confront the conflict of representing themselves at a hearing where they would be called as witnesses and their credibility judged.

On about May 15, 2014, the Tribe and its Tribal Attorneys contacted Angel Cortiñas, Esquire, to represent them at the Rule 11 evidentiary hearing. Mr. Cortiñas began background work immediately, but did not begin preparing to conduct the evidentiary hearing until about May 21, 2014, when Gunster completed its internal conflict checks and received an executed retainer from its clients. Mr. Cortiñas then worked nearly 7 days a week, night and day, to assimilate and organize the tremendous amount of information needed to conduct the evidentiary hearing.

The Tribe and its Tribal attorneys retained Mr. Cortiñas because of his legal education and his experience. In addition to serving for more than 8 years as an appellate court judge on Florida's Third District Court of Appeal, Mr. Cortiñas was an Assistant United States Attorney for 13 years and former Chief of the U.S. Attorney's Fraud Section in Miami, Florida. His experience with fraud investigations was particularly pertinent here, where the Tribe and its Tribal Attorneys have alleged fraud against the Defendants in this case.

On Friday, May 30, 2014, Mr. Cortiñas filed his Notice of Appearance and, pursuant to Court Order (DE 298), also filed Witness and Exhibit Lists. *See* DE

313, 322.  Mr. Cortiñas prepared the Witness and Exhibit Lists based on his review of the materials supplied by his clients and his review of court file.   Mr. Cortiñas, alone, prepared every witness he intended to call at the evidentiary trial and Mr. Cortiñas, alone, developed the cross-examinations he intended to use to elicit testimony from witnesses called by adverse parties.

On May 30, 2014, Lewis Tein moved for an Order to Show Cause why Mr. Cortiñas should not be disqualified.  DE 331.  Lewis Tein's sole basis to disqualify Mr. Cortiñas concerned his tenure as a judge on Florida's Third District Court of Appeal.  DE 331 at 1.  Lewis Tein claimed exclusively that Mr. Cortiñas violated Rule 4-1.12 of the Rules Regulating the Florida Bar.  Later the same day, Lehtinen also moved for an Order to Show Cause why Mr. Cortiñas should not be disqualified.  DE 334.  Lehtinen's Motion joined the arguments in Lewis Tein's and added one more.   Lehtinen sought disqualification because, in 1994-1995, Mr. Cortiñas was a non-equity partner, *i.e.*, an employee, of Lehtinen's at Lehtinen's law firm.  *See* Transcript at p. 23-25.  Lehtinen failed to identify any rule or law on which his independent basis to disqualify was based.

On June 3, 2014, the Court entered an order requiring Mr. Cortiñas to respond to the motions for Order to Show Cause by June 4, 2014 at 3:00 p.m.  DE 339.  Later on June 3, 2014, without having received a response yet from Mr.

6

Cortiñas, the Court entered an Order to Show Cause Hearing for June 5, 2014, the day of the Rule 11 evidentiary hearing. Mr. Cortiñas timely filed an omnibus response to both Lehtinen's and Lewis Tein's motions. DE 345. Lewis Tein replied. DE 347. Lehtinen and Lewis Tein filed no evidence or sworn statements. Further, Lehtinen identified no specific information or conversation that Mr. Cortiñas had that would prejudice Lehtinen in this litigation.

At the June 5, 2014 Order to Show Cause hearing, after hearing argument from counsel to Lehtinen and Lewis Tein, the Court determined that Mr. Cortiñas did not violate any rule of professional responsibility in connection with his former position as an appellate judge. *See* Transcript at p. 34 LL 11-15. Instead, the trial court disqualified Mr. Cortiñas because of his employment at Mr. Lehtinen's firm 20 years ago. See *Id.* at p. 34 LL 16-24; p. 35 LL 6-9. Despite expressly denying Lewis Tein's sole basis for disqualifying Mr. Cortiñas, the Court inexplicably granted both Lehtinen's and Lewis Tein's motions. *Id.* at p. 35 LL 22-25; p. 36 4-5; DE 349.

Immediately after granting Lehtinen's and Lewis Tein's Motions, the Tribe and its Tribal Attorneys requested a stay (Transcript at p. 37 LL 9-10). The trial court denied the motion for stay. *Id.* at p. 77 LL 3-5. The Tribe and its Tribal Attorneys next requested a continuance so a new attorney could prepare for the

7

evidentiary hearing.  Id. at p. 87 LL 14-23.  The trial court denied this request as well.  *Id.* at p. 87 LL 24-25.  As a result of the disqualification of Mr. Cortiñas on June 5, 2014 at approximately 2:30 p.m. and the trial court's denial of the Tribe's and its Attorneys' *ore tenus* motions to stay and for continuance, the Court placed the Tribe and it attorneys in the impossible situation of preparing for a document and witness intensive Rule 11 hearing in less than 24 hours.

**III.**    **Standard for Writ of Mandamus**

As this Honorable Court recited in its order granting a temporary stay and allowing briefing, mandamus is available for review of an order disqualifying counsel.  *In re Bell South Corp.*, 334 F. 3d 941, 954 (11th Cir. 2003).  Mandamus is available if the Tribe and its attorneys can show that the disqualification was "patently erroneous" and that they have a "clear and indisputable right" to relief.

8

## **SUMMARY OF THE ARGUMENT**

Petitioners' submit that the District Court failed to identify any applicable rule of professional conduct for disqualification and failed to determine whether the charged attorney violated any rule.   Furthermore, the defendants failed to meet their high burden of showing grounds for disqualification.

**ARGUMENT**

**I.    The District Court Failed to Identify the Applicable Rule of Professional Conduct and Failed to Determine Whether the Charged Attorney Violated the Rule**

This Court recognizes that district courts are to apply two separate standards when deciding an issue of attorney disqualification. *In re BellSouth Corp.*, 334 F.3d 941, 959 (11th Cir. 2003); *Schlumberger Technologies, Inc. v. Wiley*, 113 F.3d 1553, 1560-61 (11th Cir. 1997).

In *In re BellSouth Corp.*, this Court stated the following:

> In *Schlumberger* we expressly recognized and reconciled two lines of cases within the circuit involving attorney disqualifications. One line of cases, the line which we found applicable in Schlumberger, involved disqualification based on an alleged ethical violation that did not threaten the orderly administration of justice. There, the higher Schlumberger standard applied. The other line of cases involved conduct disruptive of the proceedings or constituting a threat to the orderly administration of the laws. *Id.* at 1560.

*In re BellSouth Corp.*, 334 F.3d at 959.

In the second line of cases "where the district court's disqualification order is based on an allegation of ethical violation, the court may not simply rely on a general inherent power to admit and suspend attorneys, without any limit on such power. The court must clearly identify a specific Rule of Professional Conduct

10

which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule ... for its order to be upheld." *Schlumberger Technologies, Inc.* 113 F.3d at 1560-61.  In these circumstances, the Eleventh Circuit "insist[s] that district courts rest their disqualification decisions on the violation of specific Rules of Professional Conduct, not on some 'transcendental code of conduct ... that ... exist[s] only in the subjective opinion of the court.' " *Id.* (citation omitted).

The disqualification here is governed by the *Schlumberger* standard, not the *Kleiner* standard.  Here, no reasonable argument exists that—because counsel for the Tribe was an employee at a law firm 20 years ago at which one defendant was a partner—"the orderly administration of justice" is thereby threatened.  *See Schlumberger*, 113 F.3d at 1561.  Cases finding a threat to the orderly administration of justice typically involve judge shopping or similar conduct.  *In re BellSouth Corp.*, 334 F.3d 941, 958-60.

Here, Judge Cooke rejected opposing counsel's argument that Mr. Cortiñas should be disqualified under rules governing former judges.  The only other argument advanced against Mr. Cortiñas' representation of the Tribe was a vague recitation of an alleged "unfair information advantage," not based on any professional rule.  The district court apparently accepted the elusive "information advantage" argument but, in clear violation of the *Schumberger* standard, did not

11

identify any specific rule which the alleged conduct violated.  The disqualification was, therefore, patently erroneous.

## II.    The Defendants Failed to Meet their High Burden of Showing Grounds for Disqualification

This Court has recognized that a high burden must be met to justify the disqualification of an attorney:

> The party bringing the motion to disqualify bears the burden of proving the grounds for disqualification. *In re: BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). 'Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if 'compelling reasons' exist.' Id. A disqualification order 'is a harsh sanction, often working substantial hardship on the client' and should therefore 'be resorted to sparingly.' *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n. 4 (11th Cir. 1982).

*Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006). [2]  Here, opposing counsel offered no proof of any compelling reason to justify the harsh

---

[2] Florida courts apply a similarly high standard, and have consistently held that disqualification of a party's chosen counsel is an extraordinary remedy. See *Whitener v. First Union Nat'l Bank of Fla.*, 901 So.2d 366 (Fla. 5th DCA 2005); *Alexander v. Tandem Staffing Solutions, Inc.*, 881 So.2d 607 (Fla. 4th DCA 2004); *Cunningham v. Appel*, 831 So.2d 214 (Fla. 5th DCA 2002); *Allstate Ins. Co. v. Bowne*, 817 So.2d 994 (Fla. 4th DCA 2002*); Arcara v. Philip M. Warren, P.A.*, 574 So.2d 325 (Fla. 4th DCA 1991). Moreover, motions for disqualification are viewed with skepticism because disqualification impinges on a party's right to employ a lawyer of choice, and such motions are often brought for tactical

sanction.  Indeed, there was no proof offered at all; opposing counsel merely made arguments that, even if credited, could not justify disqualification.

Most of the argument below centered on allegations that the Tribe's counsel, a former state appellate judge, had participated in related cases while on the bench. The trial court, however, decisively refused disqualification on that ground. Instead, the trial court invoked a nebulous, general concern for relations between attorneys in a firm—a firm at which one of the defendants and the Tribe's counsel worked at 20 years ago. Such a nebulous basis cannot support dismissal.

Indeed, this case does not present "the ordinary lawyer disqualification case in which the outcome turns on fact findings regarding the lawyer's conduct in the case," but rather presents the "type of 'exceptional circumstances that justify mandamus relief." *In re Am. Cable Publications, Inc.*, 768 F.2d 1194, 1195 (10th Cir. 1985).  Here, the trial court apparently established a new rule that a lawyer who practices with another lawyer (even if it occurred 20 years ago) cannot in the future represent a client who alleges that the other lawyer committed wrongdoing. The court did not require a showing of any actual knowledge of or participation in any wrongdoing by the disqualified lawyer; rather, the trial court established a new

---

purposes.  *Alexander*, 881 So.2d at 609. Since the remedy of disqualification strikes at the heart of one of the most important associational rights, it must be employed only in extremely limited circumstances. *Kusch v. Ballard*, 645 So.2d 1035 (Fla. 4th DCA 1994).

per se rule requiring disqualification of a lawyer from a firm ever representing a client against another lawyer from that firm. Clearly, the trial court had a peremptory duty here to deny disqualification based solely on the Tribe's counsel's role as an attorney in that firm. The Tribe had a clear right to be represented by a lawyer from that firm. This case thus falls within in the type of exceptional circumstances that justify mandamus. *See id.*

## CONCLUSION

The Court should grant a writ of mandamus.

Respectfully submitted,

GUNSTER
*Counsel to Miccosukee Tribe of Indians of Florida,*
*Bernardo Roman, III, Yinet Pino & Yesenia Lara*
600 Brickell Avenue, Suite 3500
Miami, Florida  33131
Telephone:  305-376-6000
Facsimile:  305-376-6010
whill@gunster.com
emarod@gunster.com
jkaskel@gunster.com

By:  /s/ William K. Hill
        William K. Hill, FBN 747180
        Ed Marod, FBN 238961
        Jonathan H Kaskel, FBN 52718

14

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) because this brief contains 3,017 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii)

This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and thetype style requirements of Fed.R.App.P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman 14.

By: /s/ William K. Hill
William K. Hill, FBN 747180

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, the foregoing was served on the following

Service List

By: /s/ William K. Hill
William K. Hill, FBN 747180

## SERVICE LIST

**Paul A. Calli, Esquire**
**Charles Short, Esquire**
**Yolanda Strader, Esquire**
Carlton Fields, P.A.
100 S.E. 2nd Street, Suite 4000
Miami, FL 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
pcalli@carltonfields.com
cshort@carltonfields.com

15

ystrader@carltonfields.com
*Counsel to Defendants Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, PL*

**Scott Alan Lazar, Esquire**
Koltun & Lazar
7901 SW 67th Ave., Suite 100
Miami, FL 33143
Telephone: (305)-595-6791
Facsimile: (305)-595-5400
scott@koltunlazar.com
*Counsel to Defendant Miguel Hernandez*

**Manuel A. Avila, Esquire**
Manuel A. Avila, Esq. & Associates, P.A.
11120 N. Kendall Drive
Suite 200
Miami, Florida 33176
Telephone: (305) 249-1111
Facsimile: (305) 647-0686
mavila@avilalegal.com
*Counsel to Defendant Julio Martinez*

**Robert O. Saunooke, Esq.**
Saunooke Law Firm, P.A
18620 SW 39th Court
Miramar, FL 33029
Tel: (561) 302-5297
Fax: (954) 499-0598
ndnlawyer@hotmail.com
*Counsel to Defendant Billy Cypress*

**Steven M. Goldsmith, Esq.**
Steven M. Goldsmith, P.A.
Co-Counsel for Billy Cypress
5355 Town Center Road, Suite 801
Boca Raton, FL 33486
Tel: (561) 391-4900
Fax: (561) 391-6973

steve.goldsmith@sgoldsmithlaw.com
*Counsel to Defendant Billy Cypress*

**Dexter Lehtinen, Esquire**
Counsel to Dexter Lehtinen
Lehtinen Schultz Riedi Catalano De la Fuente
1111 Brickell Ave, Ste 2200
Miami, Florida 33131
Phone: (305) 760-8544
Fax: (305) 356-5720
dlehtinen@lsrcf.com


**Yinet Pino, Esquire**
**Yesenia Laura, Esquire**
**Bernardo Roman, III, Esquire**
1250 SW 27th Avenue, Suite 506
Miami, Florida 33135
Telephone: (305) 643-7993
Facsimile: (305) 643-7995
yinet@bromanlaw.com
yesenia@bromanlaw.com
bromanlaw@bellsouth.net
*Counsel to Miccosukee Tribe of Indians of Florida*


MIA_ACTIVE 4197014.1

17