CASE NO. 14-12495

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

MICCOSUKEE TRIBE OF INDIANS OF FLORIDA,

Plaintiff/Petitioner,

BERNARDO ROMAN, III, YINET PINO, YESENIA LARA,

Interested Parties/Petitioners,

v.

DEXTER LEHTINEN, GUY LEWIS, MICHAEL TEIN, LEWIS TEIN, P.L.,

Defendants/Respondents.

---

On Petition for Writ of Mandamus from the
United States District Court for the Southern District of Florida
Case No. 12-cv-22439-MGC

---

## PRINCIPAL BRIEF OF RESPONDENTS GUY LEWIS,
## MICHAEL TEIN, AND LEWIS TEIN, P.L.

---

CARLTON FIELDS JORDEN BURT, P.A.
*Attorneys for Respondents Guy Lewis,*
*Michael Tein and Lewis Tein, P.L.*
Suite 4200, Miami Tower
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
By:  Paul A. Calli
     Jack R. Reiter
     Nancy C. Ciampa

**Miccosukee Tribe of Indians of Fla. v. Lehtinen**
**Case No. 14-12495**

**CERTIFICATE OF INTERESTED PERSONS**
**AND CORPORATE DISCLOSURE STATEMENT**

CERTIFICATE OF INTERESTED PERSONS

Respondents, Guy Lewis Michael Tein, and Lewis Tein, P.L., by and through undersigned counsel, and pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, hereby certify that the following persons or entities may have an interest in the outcome of this litigation:

1.   Avila, Manuel A. – Counsel for Julio Martinez

2.   Calli, Paul A. – Counsel for Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, P.L.

3.   Carlton Fields Jorden Burt, P.A. – Counsel for Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, P.L.

4.   Ciampa, Nancy C. – Counsel for Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, P.L.

5.   Coffey Burlington – Counsel for Billy Cypress

6.   Coffey, Kendall B. – Counsel for Billy Cypress

7.   Cohen, Jeffrey M. – Counsel for Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, P.L.

8.   Cooke, Marcia G. – U.S. District Court Judge

*Miccosukee Tribe of Indians of Fla. v. Lehtinen*
Case No. 14-12495

9. Cortinas, Angel A. – Counsel for Miccosukee Tribe of Indians of Fla., Bernardo Roman, III, Yinet Pino, and Yesenia Lara

10. Cypress, Billy – Respondent

11. Descalzo, Marissel – Counsel for Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, P.L.

12. Duffy, Lawrence W. – Counsel for Jose I. Marrero

13. Goldsmith, Steven M. – Counsel for Billy Cypress

14. Gunster – Counsel for Miccosukee Tribe of Indians of Fla., Bernardo Roman, III, Yinet Pino, and Yesenia Lara

15. Hernandez, Miguel – Respondent

16. Kaskel, Jonathan H. – Counsel for Miccosukee Tribe of Indians of Fla., Bernardo Roman, III, Yinet Pino, and Yesenia Lara

17. Keller Landsberg, P.A. – Former Counsel for Lewis, Tein, and Lewis Tein, P.L.

18. Keller, D. David – Former Counsel for Lewis, Tein, and Lewis Tein, P.L.

19. Koltun & Lazar, P.A. – Counsel for Miguel Hernandez

20. Lara, Yesenia F. – Petitioner and Counsel for Miccosukee Tribe of Indians of Fla.

21.    Law Office of Bernardo Roman, III, P.A. – Counsel for Miccosukee Tribe of Indians of Fla.

22.    Lazar, Scott A. – Counsel for Miguel Hernandez

23.    Lehtinen, Dexter Wayne – Respondent

24.    Lehtinen, Schultz, Riedi, Catalano, de la Fuente, PLLC – Counsel for Dexter W. Lehtinen

25.    Lewis Tein, P.L. – Respondent

26.    Lewis, Guy A. – Respondent

27.    Martinez, Julio – Respondent

28.    Meyer, Alice E. – Counsel for Billy Cypress

29.    Miccosukee Tribe of Indians of Florida – Petitioner

30.    Morgan Stanley Smith Barney, LLC

31.    Pino, Yinet – Petitioner and Counsel for Miccosukee Tribe of Indians of Fla.

32.    Reiter, Jack R. – Counsel for Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, P.L.

33.    Riedi, Claudio – Former Counsel for Dexter W. Lehtinen

34.    Rogow, Bruce S. Counsel for Morgan Stanly Smith Barney, LLC

35.  Roman, III, Bernardo – Petitioner and Counsel for Miccosukee Tribe of Indians of Fla.

36.  Rosquete, Armando – Counsel for Billy Cypress

37.  Saunooke Law Firm – Counsel for Billy Cypress

38.  Saunooke, Robert O. – Counsel for Billy Cypress

39.  Short, Charles P. – Counsel for Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, P.L.

40.  Stein, Wendy J. – Counsel for Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, P.L.

41.  Steven M. Goldsmith, P.A. – Counsel for Billy Cypress

42.  Strader, Yolanda P. – Counsel for Guy Lewis, Esquire, Michael Tein, Esquire, and Lewis Tein, P.L.

43.  Tein, Michael R. – Respondent

44.  West, Bryan T. – Counsel for Dexter W. Lehtinen

　*/s/ Nancy C. Ciampa*
PAUL A. CALLI
Florida Bar No. 994121

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Respondents believe that the issues under consideration are well settled and capable of resolution without oral argument.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND

 CORPORATE DISCLOSURE STATEMENT ........................................C-1

STATEMENT REGARDING ORAL ARGUMENT ............................................. i

TABLE OF CITATIONS......................................................................................iv

STATEMENT OF JURISDICTION .....................................................................1

STATEMENT OF THE ISSUES ..........................................................................1

STATEMENT OF THE CASE ..............................................................................2

I. COURSE OF PROCEEDINGS AND DISPOSITION IN THE

 COURT BELOW....................................................................................4

II. STATEMENT OF THE CASE SPECIFICALLY RELATED TO THE

 RULE 11 PROCEEDING .........................................................................9

  A. Petitioners' Retention Of Mr. Cortinas And Lewis Tein's

   Motion To Disqualify .......................................................................10

STANDARD OF REVIEW .................................................................................12

SUMMARY OF ARGUMENT ...........................................................................12

ARGUMENT........................................................................................................15

I. THE DISTRICT COURT'S RULING IS NOT PATENTLY

 ERRONEOUS BECAUSE MR. CORTINAS PARTICIPATED

## TABLE OF CONTENTS
### (Continued)

**Page**

PERSONALLY AND SUBSTANTIALLY AS A JUDGE OVER

THE BERMUDEZ MATTER, WHICH SERVED AS THE

BACKDROP FOR THE FEDERAL LAWSUIT AGAINST LEWIS

TEIN AND IS AT THE HEART OF THE RULE 11 MOTION .................15

II.    PETITIONERS HAVE NOT DEMONSTRATED A CLEAR AND

INDISPUTABLE RIGHT TO RELIEF.......................................................21

CONCLUSION ..................................................................................................23

CERTIFICATE OF SERVICE.............................................................................25

iii

## <u>TABLE OF CITATIONS</u>

<u>**Page**</u>

**Cases**

*Archuleta v. Turky*,

    904 F. Supp. 2d 1185 (D. Utah 2012) ........................................................17

*Bermudez v. Bert*,

    Case No. 3D11-3300 (Fla. 3d DCA 2012) .................................................. 6

*Bermudez v. Billie*,

    Case No. 00-25711, Fla. 11th Jud. Cir., Miami-Dade Cty. ..................passim

*Bert v. Bermudez,*

    95 So. 3d 274 (Fla. 3d DCA 2012) ............................................................ 4

*Chambers v. Nasco, Inc.*,

    501 U.S. 32 (1991) ...................................................................................... 2

*Collins v. Seaboard Coastline R. Co.*,

    681 F.2d 1333 (11th Cir.1982) ..................................................................20

*In re BellSouth Corp.*,

    334 F.3d 941 (11th Cir. 2003) ..............................................................1, 12

*James v. Mississippi Bar,*

    962 So. 2d 528 (Miss. 2007) ....................................................................18

*Miccosukee Tribe of Indians of Fla. v. Bermudez*,

    114 So. 3d 935 (Fla. 2013) ......................................................................... 5

## TABLE OF CITATIONS
### (Continued)

**Page**

*Miccosukee Tribe of Indians of Fla. v. Bermudez,*

    92 So. 3d 232 (Fla. 3d DCA 2012) ............................................. 5, 6, 16, 19

*Miccosukee Tribe of Indians of Fla. v. Lewis, et al.,*

    Case No. 12-12816 (Fla. 11th Jud. Cir.) ....................................................... 8

*United States v. $121,100 in United States Currency,*

    999 F.2d 1503 (11th Cir. 1993) ................................................................. 20

### Statutory Authorities

28 U.S.C. § 1927 ............................................................................................. 2

### Rules

Rule 11(c), Fed. R. Civ. P. ........................................................................... 2, 3

Rule 11, Fed. R. Civ. P. ........................................................................... passim

Rule 4-1.11(e), R. Regulating Fla. Bar ........................................................... 17

Rule 4-1.12, R. Regulating Fla. Bar ........................................................... passim

Rule 9.331(d), Fla. R. App. P. ...................................................................... 18

Rule 9.331, Fla. R. App. P. ........................................................................... 18

## TABLE OF CITATIONS
### (Continued)

**Page**

**Other Authorities**

John Pacenti, *Former Miccosukee Attorneys Want Current Attorney Thrown
Out*, DAILY BUSINESS REVIEW (Miami), Jun. 2, 2014,
http://www.dailybusinessreview.com/id=1202657589614/Former-
Miccosukee-Attorneys-Want-Current-Attorney-Thrown-
Out#ixzz33yj9lOP7 ......................................................................................20

## STATEMENT OF JURISDICTION

Petitioners seek extraordinary mandamus review of the District Court's order disqualifying one of the attorneys they retained in connection with Respondents' motion for sanctions against the Tribe and attorneys Bernardo Roman, III, Yinet Pino, and Yesenia Lara.  This Court has jurisdiction to grant mandamus relief only if the District Court's order is patently erroneous and the Petitioners have shown a clear and undisputable right to relief.  *In re BellSouth Corp.*, 334 F.3d 941, 953-954 (11th Cir. 2003).

## STATEMENT OF THE ISSUES

Whether the District Court's order disqualifying a recently-retained attorney was patently erroneous when that attorney sat on an appellate court during the disposition of multiple, related proceedings in a companion state-court case, including personally participating in denying a request for en banc consideration and as a panel member in a separate original proceeding ultimately denied as moot.

And further, whether the District Court's order was patently erroneous when the disqualified attorney also served as a law partner to one of the defendants during a time-period that overlaps with several of the underlying allegations at issue.

In addition, whether the Petitioners have demonstrated a clear and indisputable right to immediate relief necessary to obtain extraordinary mandamus

1

relief.

## STATEMENT OF THE CASE

### Introduction

Lewis Tein seeks sanctions in the District Court against Petitioners for vexatious and frivolous litigation and the relentless pursuit of unfounded claims. Petitioners have advanced related allegations in a state-law perjury accusation proceeding, and in a separate state-court lawsuit with virtually identical allegations as those advanced before the District Court. Discovery taken in both the federal and state proceedings revealed that the Mr. Roman, Ms. Pinet, and Ms. Lara never conducted an independent investigation of the Tribe's claims, but continued to litigate in the face of overwhelming evidence demonstrating that the claims against Lewis Tein were frivolous and manufactured from whole cloth. Based on Petitioners' disregard for the sanctity of the judicial process, Lewis Tein filed a motion for sanctions.[1]

In a blatant attempt to sidestep the impact of their sanctionable conduct, Petitioners reference their status as an Indian Tribe and call upon this Court to

---

[1] While Lewis Tein's motion addresses sanctions under Federal Rule of Civil Procedure 11(c), the district court may also impose sanctions under 28 U.S.C. § 1927, which provides that "any attorney . . . who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct" and under the court's inherent powers. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 50-51 (1991).

fulfill the "moral obligations of the highest responsibility and trust" to the Tribe as an Indian Nation. (Petition at 1). This Petition does not implicate the global relationship between the United States and an Indian Nation and, quite frankly, this reference is at best misplaced, grossly improper, and a distraction from the issues before the Court – whether sanctions are warranted for the pursuit of vexatious, frivolous litigation by a litigant and its attorneys that was groundless at its inception. Once Petitioners filed pleadings against Lewis Tein, they became subject to the requirements articulated in Rule 11 and potentially subject to sanctions pursuant to Rule 11(c).

Petitioners cannot meet the high burden of showing that the District Court's conclusion is patently erroneous. Petitioners also cannot meet their high burden in connection with the basis advanced separately by Respondent, Dexter Lehtinen, who will be separately briefing the issue that is personal to his motion. Mr. Lehtinen informed the Court that Mr. Cortinas actually served as his law partner in a five-person law firm at a time when some of the allegations at issue in this case are implicated. The District Court perceived this as giving Mr. Cortinas an unfair informational advantage. Petitioners have not demonstrated that this decision is patently erroneous.

Finally, Petitioners waited until only days before the hearing to retain counsel despite ample opportunity to protect their interests. The District Court did

not leave them unrepresented, but instead allowed the law firm to maintain its position as counsel of record. Therefore, Petitioners have not demonstrated a clear and indisputable right to relief or that they will suffer any harm if required to proceed with another attorney at the Gunster law firm.

## I.    COURSE OF PROCEEDINGS AND DISPOSITION IN THE COURT BELOW

The genesis of this lawsuit is tied directly to a personal injury and wrongful death action resulting from a car accident involving Miccosukee Tribe members Tammy Gwen Billie and Jimmie Bert when Lewis Tein served as counsel to Billie and Bert. *Carlos Bermudez v. Tammy Gwen Billie,* Case No. 00-25711, Fla. 11th Jud. Cir., Miami-Dade Cty. *See Bert v. Bermudez,* 95 So. 3d 274, 275 (Fla. 3d DCA 2012).

Following entry of a money judgment against Billie and Bert, a series of discovery issues arose in connection with Bermudez's efforts to hold the Tribe personally responsible for the judgment. Bermudez alleged that the Tribe funded and controlled the defense of Billie and Bert and, as a result, should be responsible for the judgment. This controversy generated accusations that Lewis Tein committed perjury based upon a representation by Lewis Tein that the Tribe was not responsible for the individual Tribal member's legal fees. *Id.* at 278. The perjury accusation was purportedly supported by canceled checks delivered by the Tribe's attorney and Petitioner herein, Bernardo Roman, III, to counsel for

4

Bermudez in the State case -- conduct that the Third District Court of Appeal

would later characterize as "mystifying." *Miccosukee Tribe of Indians of Florida*

*v. Bermudez,* 92 So. 3d 232 (Fla. 3d DCA 2012).   As the State appellate court

explained in that decision (which was the subject of an en banc motion):

> A few days after the trial court sanction order was entered against
> Lewis Tein, PL, Miccosukee officer and Tribal counsel, Bernardo
> Roman III, for reasons mystifying to us—plaintiffs' counsel made
> clear in these post-judgment proceedings he is pursuing theories he
> believes would make the Tribe liable to satisfy the judgment as well—
> supplied plaintiffs' counsel with copies of checks drawn on the
> Miccosukee Tribe General Account payable to Lewis Tein, PL, in the
> amount of $3,111,567.63, for the defense of Tammy Gwen Billie and
> Jimmie Bert in the Bermudez wrongful death and personal injury
> litigation, from May 2005 through April 2010. At oral argument on
> this petition, Mr. Roman represented that the Miccosukee Tribe had
> duly authorized him, as their counsel, to deliver the checks to
> plaintiffs' counsel and that indeed, the Tribe itself paid Lewis Tein,
> PL's, fees and costs for the defense of Tammy Gwen Billie and
> Jimmie Bert. In sharp contrast to Mr. Roman's representations, Lewis
> Tein, PL, has placed in the record the affidavits of Interim
> Miccosukee Tribe Chairman (1989–2009), Billy Cypress, and former
> Miccosukee Tribe Accounting Supervisor/Finance Officer (1990–
> 2009), Julio Martinez, averring that Tammy Billie and Jimmie Bert,
> together with his wife, Louise Bert, "were solely responsible for
> Lewis Tein's legal fees," and "[i]n all cases, those payments were
> either (a) charged against their distributions on a current basis, or (b)
> loans from the Tribe to them against future distributions.

*Id.* at 233-34, reh'g denied (July 19, 2012), review denied, 114 So. 3d 935 (Fla.

2013).

The foregoing case reflected a consolidated opinion arising out of two

separate appeals that the State appellate court treated as petitions for writs of

certiorari.  Case Nos. 3D12-871; 3D12-842.  The issue before the State appellate court in the foregoing cases involved whether Lewis Tein could pursue discovery against the Tribe and its counsel in connection with the perjury accusations.  The Third District Court of Appeal concluded that Lewis Tein could pursue such discovery and denied motions for rehearing en banc filed in both appeals.  Mr. Cortinas, an active judge on the Third District Court of Appeal, personally participated in consideration of both en banc motions and concurred in the decision to deny the en banc motion.[2]

The perjury accusations advanced by Petitioners in the *Bermudez* litigation resulted in year-long collateral litigation against Lewis Tein, and nine separate proceedings before the Third District Court of Appeal while Mr. Cortinas served as a District Court Judge.  During a two-day evidentiary hearing on the perjury accusation, Lewis Tein presented evidence to support their representation that the canceled checks Mr. Roman produced to counsel for Bermudez were actually

---

[2] *See Miccosukee Tribe of Indians of Florida v. Bermudez*, Case No. 3D12-842, 92 So. 3d 232 (Fla. 3d DCA 2012), reh'g en banc denied July 19, 2012 (Cortinas on panel); and *Miccosukee Tribe of Indians of Florida v. Bermudez*, Case No. 3D12-872, 92 So. 3d 232 (Fla. 3d DCA 2012), reh'g en banc denied July 19, 2012 (Cortinas on panel).  Mr. Cortinas also appears as one of a three-Judge panel who addressed a petition for writ of certiorari in *Bermudez v. Bert*, Case No. 3D11-3300 (Fla. 3d DCA 2012), which also arose out of the Bermudez litigation.  The case did not result in an opinion but reflects that Mr. Cortinas, along with Judges Shepherd and Senior Judge Schwartz, issued a ruling finding the petition for writ of certiorari to be moot and denying a motion for appellate attorney's fees.

6

approved advances or loans against Tribal distributions to its members. Ultimately, the trial court completely vindicated Lewis Tein and rejected the accusation of perjury set into motion by Mr. Roman's delivery of the canceled checks to counsel for Bermudez. The court found that Lewis Tein "did not commit perjury," "did not engage in fraud on the Court or misconduct," and "did not fail in their obligation of candor to the tribunal." [D.E. 347-2, pp. 1-2].

While the state court perjury accusations against Lewis Tein remained pending, Petitioners filed the lawsuit in the United States District Court. Through their District Court lawsuit, Petitioners alleged that Lewis Tein and a myriad other defendants, including Mr. Cortinas's former law partner, Dexter Lehtinen, engaged in a money laundering and kickback scheme and conspiracy to defraud the Tribe. The Tribe alleged, *inter alia,* that Lewis Tein was paid for its representation of individual "Tribal members by means of 'loans' provided by the Miccosukee Tribe to be paid at a later date by the Tribal Members," which loans were "fictitious" and "never intended to be paid back to the Miccosukee Tribe," Amended Complaint, ¶¶ 41(f), (h) and (i) [D.E. 75, pp. 13-14].

Thus, while the Tribe argued in state court that Lewis Tein was paid directly by the Tribe (as supposedly demonstrated by the cancelled checks), the Tribe alleged in federal court that Lewis Tein was engaged in a global scheme to defraud the Tribe through, among other things, the fictitious loans based upon the same

7

cancelled checks at issue in the State-court proceeding.  A chart summarizing the overlap between the accusations in the *Bermudez* matter against Lewis Tein and the allegations in the federal lawsuit below was presented to the District Court. [D.E. 347, pp. 2-3].

Lewis Tein moved to dismiss the Tribe's claims [D.E. 94] and filed a motion seeking sanctions under Federal Rule of Civil Procedure 11.    [D.E. 38]. Ultimately, the District Court dismissed the Second Amended Complaint against Lewis Tein and the other defendants [D.E. 282].

In addition to the federal lawsuit, Petitioners filed a state court action alleging virtually identical allegations against Lewis Tein.  *Miccosukee Tribe of Indians of Florida v. Guy Lewis, Michael Tein, and Lewis Tein, PL*, Case No. 12-12816 (Fla. 11th Jud. Cir.).  The trial court granted summary judgment and, in the alternative, dismissed the lawsuit for lack of subject matter jurisdiction on December 15, 2013.[3]  [D.E. 288-1].

---

[3] "Distilled to its essence, the Complaint alleges that Lewis Tein 'implemented a secret and sophisticated scheme under which the Miccosukee Tribe and individual members of the Miccosukee Tribe were . . . fraudulently charged millions of dollars . . . by creating fictitious . . . legal work and . . . expenses.' (Comp. ¶18, 19). The thousands of pages of record evidence adduced in this matter, ranging from affidavits to deposition transcripts, to Special Magistrate Reports and Recommendations and Orders thereon, all disclose that no false statements or evidence of fictitious or improperly created or fraudulent legal fees or expenses have been perpetrated by Lewis Tein upon the Tribe." [D.E. 288-1, p. 7]

## II.    STATEMENT OF THE CASE SPECIFICALLY RELATED TO THE RULE 11 PROCEEDING

Petitioners contend that the District Court's "announcement, on May 12, 2014, that it was scheduling an evidentiary hearing on the motion for sanctions under Rule 11 was the first that any of the parties knew that such a hearing might occur." (Petition at 4). This representation is not supported by the record or the history of these proceedings.

Lewis Tein filed its Rule 11 motion on September 24, 2012, more than 18 months before the District Court scheduled the hearing [D.E.38]. In October 2012, Mr. Roman, Ms. Pino, and Ms. Lara expressly acknowledged through filings that they understood that the Rule 11 motion sought sanctions against them personally, not just against the Tribe. [D.E. 73:8] ("The issue before this Court is whether sanctions should be awarded against the Miccosukee Tribe and the undersigned because the allegations in the Amended Complaint are frivolous."), [D.E. 73:10] (recognizing that the Rule 11 motion alleged that "the Tribal Attorney did not investigate the allegations of fraud in the case at bar … whether there had been an investigation of the factual basis for the Miccosukee Tribe's Complaint in this case").

9

### A.      Petitioners' Retention Of Mr. Cortinas And Lewis Tein's Motion To Disqualify

On Friday, May 30, 2014, the Gunster law firm and Mr. Cortinas first filed an appearance as counsel for Petitioners regarding the Rule 11 Motion. [D.E. 298] Petitioners represent that despite this last-minute appearance as counsel of record, Petitioners actually retained Mr. Cortinas on May 21, 2014, approximately two weeks before the hearing.

On June 1, 2014, Lewis Tein filed a Motion for Entry an Order to Show Cause why Mr. Cortinas should not be disqualified based upon his participation, as a judge on the Third District, in multiple proceedings.  [D.E. 331]  On June 2, 2014, Lehtinen filed a disqualification motion in which he joined in Lewis Tein's arguments and also argued that disqualification was required because Mr. Cortinas was his former law partner. [D.E. 334]

After hearing argument on the disqualification issue, the District Court expressly granted both motions [D.E. 349].  As the District Court noted in referring specifically to Mr. Cortinas's service as a Third District Judge:

> I mean I think you can't have your cake and eat it too, you can't say Bermudez has nothing to do with this case, and then have facts from [Bermudez] as part of the underlying facts in this complaint to show at the time which is what I think you were trying to show, that there was this corrupt organization called excuse me, the Lewis Tein firm, the Lehtinen firm, and they were influencing your client to do bad things.

10

(Transcript at 27). The District Court characterized Mr. Cortinas's involvement in this case as giving rise to an "appearance of impropriety." (*Id.* at 33, 34). The District Court recognized that while parties have a right to an attorney of their choice, the paramount scheme of the rules of professional conduct and the ethical rules require disqualification. (Transcript at 33). "How does it look for those on the outside who are not attorneys, who are not involved in the matter, who may not have been involved in the matter, to see how we as the legal community are involved and how we police ourselves. Sometimes we just don't do a very good job." (Transcript at 33-34).

When asked for clarification regarding the District Court's ruling on Lewis Tein's motion based specifically upon Mr. Cortinas's role as a Judge, the District Court made clear it was granting both motions to disqualify and elaborated that:

> [G]iven the way this complaint and it talks about how things related to the fake loans including the legal fees paid to Lewis and Tein [for] the defense of Tammy Billie and the allegation is that Mr. Lehtinen had a symbiotic relationship with the head of the Tribe, at that time, in order for these loans to take place, it becomes so intertwined to have you [Mr. Cortinas] continue in the representation in any manner, given the nature of the complaint, I think would be inappropriate.

(Transcript at 36).[4]

---

[4] The court found that while Mr. Cortinas's involvement in the case did not violate the rules of professional responsibility or judicial canons, there existed an appearance of impropriety that warranted disqualification. (Transcript at 34).

With respect to Mr. Cortinas's role as Dexter Lehtinen's former law partner, the District Court found that the partnership constituted "one activity, one client [and] one representation voice" and imputed to Mr. Cortinas knowledge regarding the allegations in the complaint alleging Lehtinen and the Tribe had a "symbiotic relationship" which Lehtinen and the partnership purportedly abused. (Transcript at 35-36)  To permit such "an unfair informational advantage" would be improper and warranted Mr. Cortinas's disqualification. (Transcript at 36).

## STANDARD OF REVIEW

To obtain extraordinary mandamus relief, Petitioners must demonstrate that the District Court's Order disqualifying Mr. Cortinas was patently erroneous and that they have a clear and indisputable right to relief.  *In re BellSouth Corp.*, 334 F.3d 941, 954 (11th Cir. 2003).  "[A] party is not entitled to mandamus merely because it shows evidence that, on appeal, would warrant reversal." *Id.* at 953.

## SUMMARY OF ARGUMENT

Petitioners have not shown that the District Court's disqualification order is patently erroneous or that they have a clear and indisputable right to immediate relief such that they will suffer irreparable harm or demonstrable injustice if resolution is delayed until the conclusion of the Rule 11 proceedings.  This is not a situation where Petitioners' long-standing counsel has been disqualified. Petitioners waited until a few weeks before a Rule 11 proceeding to seek

independent counsel despite having ample notice and opportunity to find an attorney who would not give rise to a disqualification issue.  After waiting until the proverbial eleventh hour to retain counsel, they should not now be allowed to use this as subterfuge for additional delay.

The District Court's disqualification of Mr. Cortinas is a valid exercise of its discretion under the unique circumstances of the interrelated nature between the underlying State court proceedings and the allegations at issue before the District Court.  Regardless of the nomenclature used, the District Court correctly disqualified Mr. Cortinas under the settled principle that a lawyer "shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge."  Rule 4-1.12, Rules Regulating the Florida Bar.  The District Court's ruling was based upon the irrefutable fact that the *Bermudez* case and allegations at issue in the Rule 11 hearing are inextricably intertwined, and that Mr. Cortinas's representation of the Petitioners would create an appearance of impropriety and an inherent conflict of interest. [Transcript at 33-36].

The significance of Rule 4-1.12 cannot be overstated. This is not merely about the specific impact upon Lewis Tein, but also upon the sanctity of the judicial process in the eyes of the public.  The appearance to the public of an impartial judiciary and avoiding the inherent risks arising when a former Judge

who participates in a matter later becomes an attorney for one of the parties is the underlying basis for the rule. It is grounded in a public policy that overrides the Petitioners' desire to retain Mr. Cortinas.

Mr. Cortinas sat as a member of the Third District Court of Appeal during nine original or appellate proceedings arising out of a related State court case that serves as the backdrop for much of the federal lawsuit against Lewis Tein. Mr. Cortinas personally and substantially participated in ruling upon two separate motions for rehearing en banc that were part of a consolidated proceeding, and also served as a member of a three-judge panel in a separate original proceeding. The issue before the State appellate court addressed through the en banc proceedings involved Petitioners' attempt to evade discovery tied to their accusations of perjury against Lewis Tein. The District Court correctly observed that the State court action and federal proceedings were completely intertwined. Petitioners have not proven that the District Court's disqualification of Mr. Cortinas under the unique circumstances of this case was patently erroneous.

Petitioners have also not proven that the District Court was patently erroneous when she also granted Dexter Lehtinen's Motion to Disqualify for an entirely separate basis – namely, Mr. Cortinas's role as a partner in Mr. Lehtinen's firm at a time when the Tribe originally alleged Mr. Lehtinen engaged in wrongdoing.

Finally, Petitioners have not demonstrated a clear right to the relief sought. While the right to counsel of one's choice is significant, a party does not have a constitutional right to any one particular attorney. Petitioners should not be allowed to derail the Rule 11 proceedings by a last-minute selection of counsel that clearly implicates conflicts of interest and the resulting disqualification order. Regardless, the District Court did not disqualify the Gunster firm, which has over 165 attorneys. Therefore, Petitioners are not left without counsel.

Further, if no sanctions are imposed, then no harm was done. If the District Court does impose sanctions, Petitioners can appeal the sanctions order and raise the disqualification issue at that time. Petitioners have not demonstrated a clear and indisputable right to relief by showing that they will suffer irreparable harm or established a demonstrable injustice, and the Court should deny extraordinary mandamus relief.

## **ARGUMENT**

**I.     THE DISTRICT COURT'S RULING IS NOT PATENTLY ERRONEOUS BECAUSE MR. CORTINAS PARTICIPATED PERSONALLY AND SUBSTANTIALLY AS A JUDGE OVER THE BERMUDEZ MATTER, WHICH SERVED AS THE BACKDROP FOR THE FEDERAL LAWSUIT AGAINST LEWIS TEIN AND IS AT THE HEART OF THE RULE 11 MOTION**

The relationship between the *Bermudez* litigation and the District Court lawsuit is unmistakable and irrefutable. In *Bermudez*, Petitioners accused Lewis

Tein of perjury and produced canceled checks to create the fiction that Lewis Tein lied about the source of funds for legal representation of certain Tribe members. Petitioners used the same canceled checks to advance frivolous lawsuits in both the District Court and in the State court. In the federal action, Petitioners alleged that loans reflected by the same canceled checks produced in the *Bermudez* lawsuit were part of an ongoing fictitious loan scheme and conspiracy to defraud the Tribe by Lewis Tein and other co-conspirators. Ultimately, the trial judge in *Bermudez* cleared Lewis Tein of perjury or misleading the court; the District Court dismissed the federal lawsuit for lack of subject matter jurisdiction, and the State court Judge, the Honorable John Thornton, granted summary judgment in favor of Lewis Tein finding that there was absolutely no evidence supporting Petitioners' allegations.

While serving as a State appellate court Judge, Mr. Cortinas participated in the review of motions for rehearing en banc that challenged the opinion regarding Lewis Tein's right to obtain discovery on the perjury allegations. Now, in anticipation of the Rule 11 evidentiary hearing, Petitioners have specifically identified as an exhibit the State appellate court's opinion in *Bermudez* regarding the cancelled checks that was the subject of the en banc motion that Mr. Cortinas personally participated in adjudicating. [D.E. 319-10], (Tribe's Ex. 19 for 6/5 evidentiary hearing).

16

After serving as a member of the en banc panel regarding the opinion that allowed Lewis Tein to pursue discovery on Petitioners' perjury allegations in State court, Mr. Cortinas should not be permitted to advocate on behalf of the Petitioners regarding the implications of that decision as it relates to whether Petitioners had a good faith basis for pursuing a federal court lawsuit. This exemplifies the concern voiced by the District Court regarding appearances of impropriety and the public's perception of judicial proceedings and supports the District Court's disqualification order.

Rule 4-1.12, Rules Regulating the Florida Bar, prohibits a former judge who has personally and substantially participated in a matter from serving as a lawyer for one of the parties after leaving the Bench. It is indisputable that the *Bermudez* and District Court proceedings are inextricably intertwined and constitute a "matter" as defined by the Rules. *See* Rule 4-1.11(e); *Archuleta v. Turky*, 904 F. Supp. 2d 1185, 1189-90 (D. Utah 2012) ("matter" under the same rule is not limited to a single lawsuit but rather includes the same issue of fact involving the same parties, the same situation, or conduct).

Rule 4-1.12 explains through its Comment that the term "'personally and substantially' signifies that a judge who was a member of a multimember court, and thereafter left judicial office to practice law, is not prohibited from representing a client in a matter pending in the court, but in which the former judge

17

did not participate. So also the fact that a former judge exercised administrative responsibility in a court does not prevent the former judge from acting as a lawyer in a matter where the judge had previously exercised remote or incidental administrative responsibility that did not affect the merits."[5]

There are very few cases addressing Rule 4-1.12, but the Committee Notes to Florida Rule of Appellate Procedure 9.331 are instructive because they illustrate that en banc consideration by an active member of the Court is substantial and personal and cannot be deemed a ministerial act.[6] Specifically, the Committee Notes to the 1982 Amendment provide that "[a]ll judges in regular active service, **not excluded for cause,** will constitute the en banc panel."   (emphasis added). This language makes clear that all judges on the court constitute an en banc panel and, importantly, a judge who faces a conflict of interest may not serve as part of

---

[5] Substantial participation under a rule that disqualifies a former judge from serving as counsel for a party "is not as simple as a mathematical formula."  *See James v. Mississippi Bar,* 962 So. 2d 528 (Miss. 2007) (discussing a similar rule under the Mississippi Rules of Professional Conduct).

[6] Pursuant to Florida Rule of Appellate Procedure 9.331(d), Rehearing En Banc, a litigant may move for en banc rehearing on the grounds that a case is of exceptional importance or that such consideration is necessary to maintain uniformity in the court's decisions.  According to the Rule, a vote will not be taken on the motion unless requested by a judge on the panel that heard the proceeding or by any judge in regular active service on the court.  An attorney who files such a motion is required to separately certify that the panel decision is of exceptional importance or that consideration by the full court is necessary to maintain uniformity of decisions in the court.

an en banc panel. Indeed, Judge Suarez recused himself from the en banc panel considering the *Bermudez* opinion regarding the cancelled checks. [D.E. 345-2, at p. 6]. Mr. Cortinas did not.

In addition to serving on the en banc panel, Mr. Cortinas served on a three-judge panel in connection with one original proceeding and fees motion, and reviewed and denied motions for rehearing en banc of the opinion that directly implicates the canceled checks that Petitioners produced in their unsuccessful attempt to prove a perjury claim. Mr. Cortinas's participation in the en banc panels in *Bermudez* is clearly not ministerial and should be deemed both "substantial and personal" as contemplated in Rule 4-1.12.

The policy implications surrounding enforcement of this principle should not be minimized. While the order denying en banc review does not reflect the scope or content of discussions among Judges as to the substantive basis for relief, this should not be the subject of inquiry or of speculation. By disqualifying a former judge who substantially and personally participated in a matter, Rule 4-1.12 avoids the inherent appearance of impropriety that would result if a former judge is allowed to serve as counsel for one of the parties under these circumstances.

The District Court seized upon this conundrum, characterizing *Bermudez* and the federal lawsuit as intertwined and creating an appearance of impropriety, while falling short of finding a "violation." The District Court's intent to prevent a

violation from occurring without actually concluding that one occurred is not patently erroneous. The District Court correctly erred on the side of caution. Of course, this Court can affirm the District Court's conclusion for any reason, even one not expressly articulated by the District Court. *United States v. $121,100 in United States Currency,* 999 F.2d 1503 (11th Cir. 1993); *Collins v. Seaboard Coastline R. Co.*, 681 F.2d 1333, 1335 (11th Cir.1982) ( "If a decision of law is correct, that the lower court incorrectly reasoned its way to that decision is irrelevant on appeal."). The District Court's rationale and conclusion was accurate because Rule 4-1.12 clearly prohibits Mr. Cortinas's representation of Petitioners in this matter.

Finally, this issue is not merely academic. Mr. Cortinas's public statement to the Daily Business Review on June 2, 2014, supports the District Court's conclusion. Mr. Cortinas is quoted as stating, "there is not a news story here" "Lewis and Tein's claims are baseless, **but not surprising given their litigation tactics in state court**. I won't stoop down to their level by responding further."[7] (emphasis added). Mr. Cortinas was first consulted by Petitioners on May 15, 2014, and had no involvement as an attorney in the state court proceedings. His reference to Lewis Tein's "litigation tactics in state court" could easily be

---

[7]    http://www.dailybusinessreview.com/id=1202657589614/Former-Miccosukee-Attorneys-Want-Current-Attorney-Thrown-Out#ixzz33yj9lOP7

perceived by the public as a reference to his evaluation of Lewis Tein when he served as a Third District Judge during the State court litigation.  Further, Mr. Cortinas's public statement is particularly harmful when one State-court trial judge exonerated Lewis Tein of perjury and another State-court trial judge dismissed the Tribe's second lawsuit against Lewis Tein alleging virtually identical allegations as those advanced in federal court also exonerated Lewis Tein. [D.E. 288-1].

Along these lines, during the disqualification hearing, Mr. Cortinas referred to the Tribe as "honorable" and as an "honorable client." (Transcript at 21).  The District Court correctly noted an inherent conflict based upon those statements because the issue in the Rule 11 proceedings is whether the Tribe made material misrepresentations against Lewis Tein and Mr. Lehtinen (Transcript at 21-22). Again, the public could perceive Mr. Cortinas's comment as vouching for the integrity and honesty of Petitioners based upon his experience as a Judge.  This further illustrates the conflict that supports the District Court's disqualification order.

Petitioners have not and cannot meet their burden of demonstrating that the District Court's ruling on this issue was patently erroneous.

## II.  PETITIONERS HAVE NOT DEMONSTRATED A CLEAR AND INDISPUTABLE RIGHT TO RELIEF

Petitioners have not been deprived of counsel.  The Tribe has been represented by Mr. Roman, Ms. Pino, and Ms. Lara throughout this litigation and

in multiple jurisdictions.  These attorneys have been on notice of Rule 11 for two years but waited until recently to seek independent counsel.  And they have such counsel through the Gunster law firm.  The Petitioners have not demonstrated a clear and undisputed right to relief.  The Petition should be denied so the Rule 11 evidentiary hearing may proceed as scheduled.  As the District Court advised Mr. Roman and the parties at the May 12, 2014 hearing on the Tribe's Motion for Reconsideration of the order dismissing the Tribe's lawsuit, "You are dancing on the head of legal pins that don't exist, and the time has come for it to stop."  [May 12, 2014 hearing transcript at 67].

## CONCLUSION

Petitioners have failed to show that the District Court's disqualification order was patently erroneous or that they have a clear and indisputable right to relief.  Therefore, the Court should deny the petition for writ of mandamus.

Respectfully submitted,

CARLTON FIELDS JORDEN BURT, P.A.
*Counsel for Respondents Guy Lewis,*
*Michael Tein and Lewis Tein, P.L.*
Suite 4200, Miami Tower
100 Southeast Second Street
Miami, Florida  33131
Telephone:  (305) 530-0050
Facsimile:   (305) 530-0055


By:   */s/ Nancy C. Ciampa*
        PAUL A. CALLI
        Florida Bar No. 994121
        E-mail: pcalli@CFJBlaw.com
        JACK R. REITER
        Florida Bar No. 0028304
        E-mail: jreiter@CFJBlaw.com
        NANCY C. CIAMPA
        Florida Bar No. 118109
        E-mail: nciampa@CFJBlaw.com

## <u>CERTIFICATE OF COMPLIANCE</u>

In accordance this Court's Order, this brief is less than 30 pages.

*/s/ Nancy C. Ciampa*       
PAUL A. CALLI
Florida Bar No. 994121
E-mail: pcalli@CFJBlaw.com

24

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 9, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

CARLTON FIELDS JORDEN BURT, P.A.


By:  */s/ Nancy C. Ciampa*
     PAUL A. CALLI
     Florida Bar No. 994121
     E-mail: pcalli@CFJBlaw.com

<u>SERVICE LIST</u>
*Miccosukee Tribe of Indians of Fla. v. Lehtinen*
Case No. 14-12495
Eleventh Circuit Court of Appeals

William K. Hill
Jonathan H Kaskel
*Counsel to Miccosukee Tribe of Indians of Florida, Bernardo Roman, III, Yinet Pino & Yesenia Lara*
GUNSTER
Brickell World Plaza
600 Brickell Avenue, Suite 3500
Miami, FL 33131

*Via Notice of Electronic Filing*

Scott Alan Lazar
*Counsel to Defendant Miguel Hernandez*
Koltun & Lazar
7901 SW 67th Avenue
Suite 100
Miami, FL 33143
scott@koltunlazar.com

*Via E-mail*

Claudio Riedi
*Counsel to Defendant Dexter W. Lehtinen, Esquire*
Lehtinen Schultz Riedi, etc.
Sabadell Financial Center
1111 Brickell Avenue
Suite 2200
Miami, FL 33131
criedi@lsrcf.com

*Via E-mail*

Yinet Pino
Yesenia Lara
Bernardo Roman, III
*Counsel for Miccosukee Tribe of Indians of Fla.*
1250 SW 27th Avenue
Suite 506
Miami, FL 33135
yinet@bromanlaw.com
yesenia@bromanlaw.com
bromanlaw@bellsouth.net

*Via E-mail*

Manuel A. Avila, Esquire
*Counsel to Defendant Julio Martinez*
Manuel A. Avila, Esq. & Associates, P.A.
11120 N. Kendall Drive
Suite 200
Miami, FL 33176
mavila@avilalegal.com

*Via E-mail*

Robert O. Saunooke
*Counsel to Defendant Billy Cypress*
Saunooke Law Firm, P.A
18620 SW 39th Court
Miramar, FL 33029
ndnlawyer@hotmail.com

*Via E-mail*

26

## SERVICE LIST

*Miccosukee Tribe of Indians of Fla. v. Lehtinen*
Case No. 14-12495
Eleventh Circuit Court of Appeals


Steven M. Goldsmith
*Counsel to Defendant Billy Cypress*
Steven M. Goldsmith, P.A.
Co-Counsel for Billy Cypress
5355 Town Center Road
Suite 801
Boca Raton, FL 33486
steve.goldsmith@sgoldsmithlaw.com

*Via E-mail*


35045263.3