IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 14-12495-F

---

MICCOSUKEE TRIBE OF INDIANS OF FLORIDA,

        Plaintiff-Appellant,

BERNARDO ROMAN, III,
YINET PINO,
YESENIA LARA,

        Interested Parties-Appellants,

versus

BILLY CYPRESS,
DEXTER WAYNE LEHITNEN,
Esquire,
GUY A. LEWIS,
Esquire,
MICHAEL R. TEIN,
Esquire,
LEWIS TEIN PL,
a professional association,
JULIO MARTINEZ,
MIGUEL HERNANDEZ,

        Defendants-Appellees,

MORGAN STANLEY SMITH BARNEY LLC,

        Defendant.

---

Appeal from the United States District Court
for the Southern District of Florida

---

Before: WILSON, MARTIN, and JORDAN, Circuit Judges.

BY THE COURT:

The Tribe and its attorneys seek a writ of mandamus from an order of the district court disqualifying one of their attorneys to represent them in a Rule 11 hearing before the district court.

The Supreme Court has stated that "the writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289, 108 S.Ct. 1133, 1143, 99 L.Ed.2d 296 (1988). Even if exceptional circumstances exist to justify mandamus relief, however, the party seeking mandamus bears the burden of demonstrating a "clear and indisputable" right to issuance of the writ. *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953).

After a thorough review, we find that the Tribe and its attorneys have failed to demonstrate that the circumstances about which they complain amount to an "extraordinary situation" demonstrating a "clear and indisputable" right to the issuance of the writ.

**MOTION DENIED.**